IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE A. DAVIS, :
    Petitioner, :
  v. : Case No. 3:21-cv-132-KRG-KAP
ERIC ARMEL, Superintendent, :
S.C.I. Fayette, :
    Respondent :

### Memorandum Order

    Petitioner's motion for discovery contained in correspondence docketed at ECF no. 40 is denied.

    A habeas petitioner is not entitled to discovery under the Federal Rules of Civil Procedure as if this were a routine civil action. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Under Rule 6 of the Rules Governing § 2254 Cases, a party seeking discovery must make specific requests and must provide reasons for the requests. Rule 6(b). Upon such a motion the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). Discovery is only appropriate "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief...." Bracy v. Gramley, *supra*, 520 U.S. at 908-09. Petitioner fails to make a case for discovery.

    I have recommended that Petitioner's petition for a writ of habeas corpus should be denied, ECF no. 35, and Petitioner has filed objections thereto at ECF no. 39. Petitioner seeks discovery in support of a claim already addressed in the Report and Recommendation, but even if the motion had been filed with the Petition, he is neither entitled to nor permitted to raise new claims and present new evidence in a habeas matter that he could have presented in the state court collateral (PCRA) proceedings. As codified at 28 U.S.C.§ 2254(e)(2)(A)(i) and (ii), a habeas petitioner who has "has failed to develop the factual basis of a claim in State court proceedings," can seek "an evidentiary hearing on the claim" in only two limited scenarios: either the claim must rely on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by this Court, or on (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." A petitioner who can satisfy either of these exceptions must also show that further factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the crime charged. 28 U.S.C.§ 2254(e)(2)(B). Shinn v. Ramirez, 142 S. Ct. 1718, 1734, 212 L. Ed. 2d 713 (2022). Because petitioner satisfies neither part of subsection (A) nor claims,

much less demonstrates by clear and convincing evidence, that no reasonable juror would have found him guilty, he is not entitled to a hearing. Since his motion for discovery is only relevant to Petitioner's argument in his Objections that this Court should hold an evidentiary hearing, that ends the matter.

  As I previously reported, a jury convicted Petitioner of various charges related to the claim that he assaulted and seriously injured his one year-old daughter while she was in his care, and rejected Petitioner's defense that the child fell down a flight of stairs. Petitioner's relevant claim is that his trial attorney Jerome Kaharick, Esquire, was ineffective for failing to retain or consult with an expert witness. The attorney who represented petitioner in the PCRA proceedings, Lea Bickerton, Esquire, oscillated between two theories of ineffectiveness: one, that an expert witness could have produced an expert opinion in favor of the Petitioner's defense that the child's injuries were caused by a fall, and the other. that an expert witness who independently confirmed the prosecution's theory would have given Kaharick more ammunition to convince Petitioner to take the plea offered rather than go to trial (after which Petitioner received a much longer sentence). It was an excellent strategy by Bickerton, because if both theories were embraced Kaharick was damned for what he didn't do regardless of what the hypothetical expert would have said.

  Judge Fleming and the Pennsylvania Superior Court rejected the ineffectiveness claim, as I explained previously, because in the PCRA proceedings Petitioner never offered a favorable expert opinion. In the absence of evidence that an expert would have testified that the child's injuries were caused by a fall there was no evidence that Kaharick's failure to seek an expert (assuming that to be ineffective) caused any prejudice. As I also noted, Judge Fleming rejected Bickerton's alternative theory that it was ineffectiveness for Kaharick not to seek out an unfavorable opinion on the chance that it might have convinced Petitioner to plead guilty because she credited Kaharick's testimony that Petitioner was adamant about his claims of innocence.

  Seizing on a piece of trial testimony already used by Bickerton in the PCRA proceedings – Kaharick's cross examination of the investigating officer, in which Kaharick was able despite its hearsay nature to get in the emergency room physician's statement to the investigating officer that it was possible for the child's injuries to have been caused by a fall – Petitioner makes several arguments that this "shows," Objections at 12, that Dr. Rodriguez had a favorable opinion that Kaharick missed.

  First, Dr. Rodriguez telling an investigating officer that it is "rare but not impossible," Trial Transcript of October 5, 2015 at 96, for the child's injuries to have been caused by a fall and not assault in no way is equivalent to Dr. Rodriguez giving a favorable opinion to Petitioner that the child's injuries were in fact caused by a fall and not an

2

assault. If anything it was very effective of Kaharick to get in evidence of reasonable doubt by questioning a lay witness about the expert's statement without running the risk of having an expert explain why the expert in fact believed the injuries to have been caused by Petitioner.

Second, obviously Kaharick knew of Dr. Rodriguez' statement, and his knowledge was certainly known to Bickerton because she in fact raised it several different ways in the PCRA proceedings. That petitioner now feels that more evidentiary exploration of this issue would benefit him in no way relieves him of the consequences of Bickerton's decision not to seek Dr. Rodriguez' hypothetical opinion and to proceed in another fashion in the PCRA proceedings.

DATE: August 30, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Maurice A. Davis MJ-7554
S.C.I. Fayette
50 Overlook Drive
Labelle, PA 15450