IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE A. DAVIS,                           :
        Petitioner,                  :
   v.                                     :  Case No. 3:21-cv-132-KRG-KAP
ERIC ARMEL, Superintendent,                 :
S.C.I. Fayette,                             :
        Respondent                   :

## Memorandum Order

Petitioner's motion for reconsideration at ECF no. 42 is denied.

In addition to the discussion of the limited scope of discovery in my original order at ECF no. 41, I point out that Petitioner's current Motion presents misstatements of fact. I did not order the respondent to produce a police report. Petitioner's motion in April 2022 is at ECF no. 26, the respondent's response is at ECF no. 27, and my Order is at ECF no. 28. Petitioner's interpretation of that order as an order to disclose a police report which the respondent "LEFT OUT" (emphasis in petitioner's Motion at ¶2) is misleading, and petitioner's assertion that he did not know of the report's existence when he filed his habeas petition, Motion at ¶2, is incorrect.

At trial, pages 8-10 of a 30-page police report by Detective Julie Wagner were presented as Commonwealth Exhibit 40, and after petitioner's counsel successfully objected to a portion of it, two pages containing an interview of petitioner by the detective were introduced in the course of her direct testimony, and then admitted. Record at ECF no. 30 at 387-98, Trial Transcript for October 5, 2015 at 74-85. As I previously noted in my Report and Recommendation, and as petitioner notes in his objections, petitioner's trial counsel then used other portions of the report in cross examination of the detective.

In support of petitioner's claim that his trial counsel was ineffective petitioner repeatedly asserts, *e.g.* Objections at 12, that it is unknown "if and when" the detective's report was first produced to trial counsel. There is no "if" since trial counsel's use of the report in October 2015 is not only acknowledged but relied on by petitioner. As for "when," it was no later than October 2015. At no point in the trial, direct appeal, or collateral attack in the state court was there a claim that the Commonwealth failed to disclose the detective's report. Any failure by petitioner or his counsel to make some further evidentiary use of the report in the last eight years in the trial, direct appeal, or collateral attack in the state court does not give petitioner a basis for discovery from the respondent now. In fact, since the report was disclosed years ago it is doubtful that "discovery" is even the correct term: the document was disclosed years ago to petitioner's

counsel. Petitioner now wants a personal copy to comb through. That is an inadequate reason for ordering production. Petitioner's reference to <u>Brady v. Maryland</u> and rhetorical question implying that since it was not sent to him the report must contain <u>Brady</u> material, Motion at ¶4, add nothing.

In general, trial exhibits are not submitted as part of the record in habeas cases, and they are not required to be submitted under Habeas Rule 5. Exhibits are often physical objects like firearms and controlled substances that would be unwieldy or unsafe to produce with a response, and such objects certainly would never be produced to the petitioner. The fact that Exhibit 40 is a written report does not make its inclusion in the response an exception to this. Still less does it imply a basis for repeated production of the report from which it was excerpted.

DATE: <u>September 27, 2023</u>

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Maurice A. Davis MJ-7554
S.C.I. Fayette
50 Overlook Drive
Labelle, PA 15450